# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Decided August 3, 2018

No. 15-3020

UNITED STATES OF AMERICA,
APPELLEE

v.

YONAS ESHETU, ALSO KNOWN AS YONAS SEBSIBE,
APPELLANT

———

Consolidated with 15-3021, 15-3023

———

On Petition for Panel Rehearing in
Nos. 15-3021 and 15-3023

———

Before: HENDERSON, KAVANAUGH[*] and MILLETT, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: A jury convicted defendants Pablo Lovo and Joel Sorto of conspiring to interfere with interstate commerce by robbery, 18 U.S.C. § 1951, and using, carrying or possessing a firearm during a crime of violence, 18 U.S.C. § 924(c).

———

[*] Judge Kavanaugh did not participate in this disposition.

Lovo and Sorto appealed their convictions. *United States v. Eshetu*, 863 F.3d 946 (D.C. Cir. 2017). In the main, we rejected their claims, *id*. at 951-58 & n.9, remanding only for further consideration of two ineffective-assistance challenges, *id*. at 957-58. As relevant here, we rejected their claim that the "residual clause" "of the statutory crime-of-violence definition that affects them—set forth in 18 U.S.C. § 924(c)(3)(B)—is unconstitutionally vague." *Id*. at 952; *see id*. at 952-56.

After we issued our decision, the United States Supreme Court held that 18 U.S.C. § 16(b)—the "residual clause" of section 16's crime-of-violence definition—is unconstitutionally vague. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210 (2018). With the support of the Federal Public Defender as amicus curiae, Lovo and Sorto now seek rehearing.[1] They argue that *Dimaya* dictates vacatur of their section 924(c) convictions. We agree.

Under the residual clause that *Dimaya* struck down, "[t]he term 'crime of violence' means" an "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). Under the residual clause at issue here, "the term 'crime of violence' means an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). To borrow a phrase, the two statutes are "materially identical."

---

[1] More precisely, Lovo petitions for rehearing and Sorto moves to adopt his and amicus's arguments. *See* FED. R. APP. P. 28(i). We grant Sorto's motions, which the government does not oppose.

Gov't's Br. 12, *Sessions v. Dimaya*, S. Ct. No. 15-1498 (Nov. 14, 2016); *see Dimaya*, 138 S. Ct. at 1241 (Roberts, C.J., dissenting) ("§ 16 is replicated in . . . § 924(c)"). We therefore discern no basis for a different result here from the one in *Dimaya*. *Accord United States v. Salas*, 889 F.3d 681, 684-86 (10th Cir. 2018) (invalidating section 924(c)(3)(B) and explaining why its textual similarity with section 16(b) is dispositive). In short, section 924(c)(3)(B) is void for vagueness. *Dimaya* requires us to abjure our earlier anlaysis to the contrary.

The government concedes "that the panel should grant rehearing in order to address the impact of *Dimaya*." Appellee's Suppl. Br. 3. But it urges us to "construe § 924(c)(3)(B) to require a case-specific approach that considers appellants' own conduct, rather than the 'ordinary case' of the crime." *Id*. at 8. In the government's telling, this construction is a necessary means of avoiding "the constitutional concerns that [a categorical] interpretation would create following *Dimaya*." *Id*. Whatever the clean-slate merits of the government's construction, we as a panel are not at liberty to adopt it: circuit precedent demands a categorical approach to section 924(c)(3)(B), *see United States v. Kennedy*, 133 F.3d 53, 56 (D.C. Cir. 1998), and one panel cannot overrule another, *see LaShawn A. v. Barry*, 87 F.3d 1389, 1395 (D.C. Cir. 1996) (en banc) ("That power may be exercised only by the full court, either through an *in banc* decision . . . or pursuant to the more informal practice adopted in *Irons v. Diamond*, 670 F.2d 265, 268 n.11 (D.C. Cir. 1981).").

The government says this "panel is not bound by *Kennedy*" because *Dimaya*, "an intervening Supreme Court decision," "casts doubt" on it. Appellee's Suppl. Br. 24 (internal quotation omitted). We disagree. *Dimaya* nowise calls into

question *Kennedy*'s requirement of a categorical approach. To the contrary, a plurality of the High Court concluded that section 16(b)—which, again, is textually parallel with section 924(c)(3)(B)—is "[b]est read" to "demand[] a categorical approach" "*even if* that approach [cannot] in the end satisfy constitutional standards." *Dimaya*, 138 S. Ct. at 1217 (plurality opinion) (emphasis added). If anything, that analysis reinforces *Kennedy*'s precedential viability. Granted, "*Dimaya* did not include any holding by a *majority* of the Court that § 16(b) requires a categorical approach, and it leaves open the same question for § 924(c)(3)(B)." Appellee's Suppl. Br. 8 (emphasis added). But the fact that *Dimaya* did not definitively resolve the matter only underscores our point: *Dimaya* cannot be read to mean that *Kennedy* "is clearly an incorrect statement of current law." *United States v. Dorcely*, 454 F.3d 366, 373 n.4 (D.C. Cir. 2006) (noting this criterion for overruling circuit precedent, with full court's endorsement, via panel decision) (internal quotation omitted); *see* Policy Statement on *En Banc* Endorsement of Panel Decisions 1 (Jan. 17, 1996), perma.cc/9FGD-C265.

Accordingly, we grant rehearing for the limited purpose of vacating Lovo's and Sorto's section 924(c) convictions in light of *Dimaya*.[2] We do not otherwise reconsider or disturb our decision in *Eshetu*. We remand to the district court for further proceedings consistent with this opinion and the unaffected portions of *Eshetu*.

---

[2] In vacating the section 924(c) convictions, we express no view—because the government advances no argument—about whether conspiracy in violation of 18 U.S.C. § 1951 is a crime of violence under the "elements clause" in section 924(c)(3)(A). Appellee's Suppl. Br. 2 n.2 (conceding that "[o]nly the [residual] clause is at issue here").